**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**JULIO PAREDES, 91-A-7695,**

                                                    **Plaintiff,**                          **05-CV-0904(Sr)**

**v.**

**C.O. Frisbee, et al.,**

                                                    **Defendants.**

_____

## DECISION AND ORDER

          In accordance with 28 U.S.C. § 636(c), the parties have consented to have

the undersigned conduct all further proceedings in this case, including entry of final

judgment.  Dkt. #42.

          On June 28, 2007, the Court updated plaintiff's address from the Clinton

Correctional Facility to a residence in Brooklyn, New York.

          By Notice of Motion filed July 17, 2007, defendants moved for summary

judgment.  Dkt. #46.  Defendants advised plaintiff of his obligation to oppose the motion, as

required by _Irby v. New York City Transit Authority_, 262 F.3d 412 (2d Cir. 2001).  Dkt. #46.

          Plaintiff moved for appointment of counsel on August 3, 2007.[1]  Dkt. #51.

The Court denied plaintiff's motion for appointment of counsel and directed plaintiff to

_____

          [1] By letter dated August 6, 2007, plaintiff's appointed counsel in another matter (04-CV-293),
advised the Court that he had lost contact with his client upon his release from the Clinton Correctional
Facility.  The Assistant Attorney General provided plaintiff's appointed counsel with an address for plaintiff
and the Court granted an extension of the Case Management Order to permit plaintiff's appointed counsel
time to contact his client and move forward with discovery.  However, plaintiff failed to appear for his
scheduled deposition and failed to respond to defendants' motion to dismiss that action for failure to
prosecute.  The Court granted the motion to dismiss that action for lack of prosecution on October 2, 2008.

respond to the motion for summary judgment no later than November 7, 2008. Dkt. #52. Plaintiff has not responded.

As a result, the Court directed plaintiff to either respond to the motion for summary judgment or show cause, in writing received by the undersigned at 416 U.S. Courthouse, Buffalo, New York no later than May 8, 2009, why this matter should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).[2] Dkt. #53. Plaintiff was warned that failure to comply with that Order would result in the dismissal of this action with prejudice. Dkt. #53.

As plaintiff has not complied with this Order and has had no communication with the Court in more than a year-and-a-half, the Court finds that plaintiff has failed to prosecute his claim. Therefore, it is hereby **ORDERED** that this action be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Clerk of the Court is directed to take the necessary steps to close this case.

**SO ORDERED.**

DATED:     Buffalo, New York
           May 20, 2009

                              _s// H. Kenneth Schroeder, Jr._
                              H. KENNETH SCHROEDER, JR.
                              United States Magistrate Judge

---

[2]Rule 41(b) of the Federal Rules of Civil Procedure provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.